liAMY, Judge,
dissenting.
I respectfully dissent. The structural cracks allegedly evidencing foundation failure were present at the time of the purchase and should have alerted a reasonable purchaser that further investigation was necessary. See Fruge v. Hancock, 94-730 (La.App. 3 Cir. 12/7/94); 647 So.2d 488, writ denied, 95-0070 (La. 3/10/95); 650 So.2d 1181. See also Duplechin v. Adams, 95-0480 (La.App. 1 Cir. 11/9/95); 665 So.2d 80, writ denied, 95-2918 (La. 2/2/96); 666 So.2d 1104.
As stated in the majority opinion, the jurisprudence in this area indicates that a buyer’s inspection does not require him to examine the property with expertise or to remove surface materials in order to examine interior or hidden areas. See Sydnes v. Harwell, 94-1194 (La.App. 3 Cir. 3/1/95); 651 So.2d 419. However, the scope of the inspection required in each particular case depends on the facts of each matter. Id.
After the reviewing the record, it is plain that a variety of evidence was presented indicating the visibility of the cracked surfaces. Robert Ray Johnson testified that when he inspected the home in October 1995, six months after the purchase date, he located the cracks and, further, that they did not seem to be new or ^recent but, in fact, contained spider webs and appeared to have been in existence for more than six months. Additionally, Mrs. Puls testified that, at the time she and her husband sold the home, they were aware of not only superficial cracks, but a crack in the garage and several on the front porch. When asked whether she reported these cracks to the real estate agent, Mr. Puls testified as follows:
I don’t recall. I mean, they were obvious for anybody to see. I mean, they weren’t — the crack in the garage, anybody could see the crack when they went in the garage. It wasn’t obvious that you needed to point it out. You could see it. It wasn’t like we were hiding anything. It was there.
Furthermore, the visible nature of these cracks was indicated by the deposition testimony of Gary Todd, a civil engineer who inspected the home in November 1995, shortly after it was examined by Mr. Johnson. He too located the cracks now complained of by the plaintiffs and apparently did so after making only visual inspection of the house. As for the age of the cracks, he testified that it was difficult to know how long they had existed, but that it was possible that they had been there for six months.
Mrs. Sells also contracted with her own inspector, Richard David Landreneau to examine the house prior to the purchase. Although Landreneau concluded that the foundation was in good condition, he indicated in his report that there was a crack on the front porch. He stated as follow in the report: “The front porch hairline crack, left of front door is not cause for concern. You will find this as [sic] very common in porches, garage slab, sidewalks, etc. The porch slab is not as thick as the house slab and will show some stress or cure cracks in time.” Mrs. Sells’ reliance on Mr. Landreneau’s opinion cannot relieve her duty to investigate further, but, instead, | -¡indicates that she and her husband were, indeed, made aware of the cracks which they now assert are evidence of foundation failure.
Finally, the disclosure form completed by the Puls prior to the home’s purchase, accounts for the condition of each of the home’s features except for the foundation. Although the foundation was indicated as a “slab” construction rather than a “pier” construction, neither “yes” nor “no” were checked with regard to whether there were any defects in the condition of the foundation. This too should have alerted the Sells that further investigation was appropriate.
In view of the evidence, I conclude that the trial judge was manifestly erroneous in finding that the alleged defects were latent rather than apparent. Accordingly, I dissent.